IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Durant,                      Case No. 3:11 CV 1622

         Plaintiff,             MEMORANDUM OPINION
                                 AND ORDER

    -vs-
                                JUDGE JACK ZOUHARY

Immigration Court,

         Defendant.

### INTRODUCTION

Before the Court is *pro se* Plaintiff Robert Durant's Complaint against the Immigration Court (Doc. No. 1). Plaintiff seeks an Order reversing the denial of his application for naturalization as a United States citizen. Plaintiff also filed a letter regarding his case (Doc. No. 5), which the Court construes as a supplement to his Complaint.

### BACKGROUND

Plaintiff filed an application to become a naturalized citizen of the United States in 1997. Two years later, he took and passed a naturalization examination. The Immigration and Naturalization Service ("INS"),[1] however, denied his application in January 2000 because Plaintiff was on probation at the time.

---

[1] On March 1, 2003, the former Immigration and Naturalization Service ("INS") ceased to exist as an agency within the Department of Justice. INS's functions in respect to the adjudication of applications for naturalization were assumed by the United States Citizenship and Immigration Service ("CIS"), which is within the Department of Homeland Security. *See* Homeland Security Act of 2002, PUB.L. 107-292, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002). For convenience, this Court will refer solely to the INS throughout this opinion.

Plaintiff claims he has been unlawfully incarcerated since February 16, 2011 and is currently incarcerated at the Geauga County Jail in Chardon, Ohio. Plaintiff argues the Fourth and Ninth Circuits have determined that when a person files an application for naturalization he automatically becomes a National. He asserts this Court, therefore, has authority to reverse the decision of the INS and declare him a naturalized citizen of the United States.

## DISCUSSION

**Lack of Subject Matter Jurisdiction**

The "sole authority to naturalize persons as citizens of the United States" rests with the Attorney General (8 U.S.C. § 1421(a); *see* PUB.L. No. 101-649, Title IV, 104 Stat. 4978, 5038-48 (Nov. 29, 1990)), and the circumstances in which this Court may review immigration matters are very limited. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) ("we have recognized that judicial deference to the Executive Branch is especially appropriate in the immigration context"). To that end, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, specifies only two points in the naturalization process at which a district court may intervene: (1) when the INS has denied a naturalization application and that denial has been affirmed on administrative appeal (INA § 310(c); 8 U.S.C. § 1421(c)); and (2) where an applicant for naturalization has been examined by the INS and more than 120 days have elapsed without a decision. INA § 336(b); 8 U.S.C. § 1447(b).

The second exception -- timely determination of a naturalization application -- is not at issue in this case. Instead, Plaintiff claims he was examined by an INS officer in connection with his application for naturalization, and that the agency then denied his application. At that point, Plaintiff was entitled to take an administrative appeal before a senior naturalization officer. *See* 8 U.S.C.

§ 1447(a). Plaintiff does not, however, allege or claim that he appealed the denial of his application to a senior naturalization officer. This is fatal to his request for relief.

Because Plaintiff did not exhaust his administrative remedies by requesting a hearing before an immigration officer, as provided in Section 1447(a), this Court lacks jurisdiction to review his naturalization application. Exhaustion of administrative remedies is required by statute in this context, and therefore is a jurisdictional prerequisite that must be enforced. *See Chavez v. INS*, 844 F. Supp. 1224, 1225 (N.D. Ill. 1993). This Court thus lacks subject matter jurisdiction over Plaintiff's request for *de novo* review of the denial of his naturalization application.

**Pending Removal Proceedings**

Plaintiff also states his deportation from the United States has been ordered. Accepting the truth of this declaration, this Court lacks authority to grant his requested relief. Once removal proceedings are commenced against an alien, the district court cannot compel the Attorney General "to grant [the alien's] application for naturalization," because "the statutory bar of [8 U.S.C.] § 1429" cannot be overcome by "judicial fiat." *Zayed v. United States*, 368 F.3d 902, 906 & n.5. (6th Cir. 2004). Section 1429 explicitly prohibits the Attorney General from making a final determination on naturalization while a removal proceeding is pending against the applicant. *See* 8 U.S.C. §1429 ("[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act").

As the Sixth Circuit noted in *Zayed*, the scope of a district court's authority under Section 1421(c) "cannot be any greater than the authority of the Attorney General to consider the petition in the first place." *Id.* at 906 (quoting *Apokarina v. Ashcroft*, 232 F. Supp. 2d 414, 416 (E.D. Pa. 2002),

3

*remanded by* 93 F. App'x 469 (3d Cir. 2004)). Thus, if Section 1429 precludes the Attorney General from granting naturalization to an alien because of a pending removal proceeding, an alien cannot secure that relief from this Court pursuant to Section 1421(c). *See id; see also INS v. Pangilinan*, 486 U.S. 875, 883–85 (1988) (holding that lower court erred by affording equitable relief in naturalization context where the remedy contravened Congress's expressed intent).

This Court lacks jurisdiction to compel Defendant to directly grant Plaintiff's naturalization because he has failed to exhaust administrative remedies. Moreover, in light of Section 1429, the pendency of removal proceedings precludes Plaintiff from stating a claim for relief under Section 1421(c) in the form of an order either (a) compelling Defendant to admit Plaintiff to United States citizenship, or (b) directly granting his naturalization. *See* 8 U.S.C. § 1429.

## CONCLUSION

For the foregoing reasons, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

             s/ *Jack Zouhary*
            JACK ZOUHARY
            U. S. DISTRICT JUDGE

            September 29, 2011